In the Matter of the Assignment of CLINTON H. SMITH to JOHN
G. SMITH for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided May 27th, 1882.)

That an assignee for the benefit of creditors has disposed of the assigned
estate in bulk is not ground for his removal, where it is a fair question
whether the price received is not a good one. All questions arising as to
the propriety of the sale may be inquired into upon the accounting of
the assignee.

APPLICATION for the removal of an assignee under a gene-
ral assignment for the benefit of creditors.

The facts are stated in the opinion.

J. F. DALY, J.—The chief ground for the removal of the
assignee, and the only one that need be considered on the
proofs before me, is his action in selling the assigned stock in
bulk to B. O. Huntington ; and that sale is attacked for inade-
quacy of price and on the ground that it was not an actual
sale, but a mere device to save the property from execution
creditors.

On the question of adequacy of price there is much uncer-
tainty, and the affidavits make it a fair question whether for a
sale in bulk of the whole stock it was not a good sale, and
whether the result will not be better for the estate than a sale
at auction after paying auctioneer's fees and the expenses, or
a sale over the counter with the large expenses attendant
thereon.

On the question of bona fides it is sufficient to say that if
the price be a good one the estate will lose nothing, because
the assignee is bound to account for such price in cash, and it
is only a question of his solvency and that of his sureties.
Circumstances going to show that he made this sale hurriedly
in order to save the stock from executions issued by creditors
who sought to seize it in disregard of the assignment, will not

be considered if the sale were a good one, *i. e.*, for a good price, as that disposition of the property results in benefit to the assigned estate although the execution creditors may be baulked. In administering the estate under the assignment we are not to regard the complaints of execution creditors who are seeking to wrest the estate from the general creditors under the assignment and appropriate it under their own executions.

The questions arising on this application as to the propriety of the assignee's acts are such as may be fully inquired into upon his accounting. He is now and will be then chargeable at least with the price at which he sold to Huntington. If he sold the stock in bad faith below its real value he will be liable for its real value and will be charged accordingly.

The assignee has given his own undertaking to save the stock from attaching creditors and thus manifested a desire to protect the property for the purposes of the assignment.

Under the state of proofs presented on this application I think it should be denied, but without costs.

Application denied.